IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK GEMMELL | ) |
| | ) Case No.: 23-cv-3197 |
| Plaintiff, | ) |
| v. | ) Judge: John J. Tharp Jr. |
| | ) |
| THE PARTNERSHIPS AND | ) Magistrate: Hon. Heather K. McShain |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A". | ) |
| | ) |
| Defendants. | ) |

**TRITARD DECOR'S MOTION TO DISMISS UNDER FRCP 12(B)(2)**

Defendant Tritard Decor files this Motion to dismiss based on lack of personal jurisdiction over defendant Tritard Decor.

**I.    Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**II.    There Is No Personal Jurisdiction Over Defendant Tritard Decor Because All Allegations of Jurisdiction in the Complaint Are Made "On Information and Belief"**

"The **facts** of each case must always be weighed in determining whether personal jurisdiction would comport with fair play and substantial justice." *NBA Props. v. HANWJH,* No.

21-2909, at *18 2022 U.S. App. 22738 (7th Cir. Aug. 16, 2022) (citations omitted) (emphasis added). Illinois courts regularly exercise personal jurisdiction over websites offering for sale and selling infringing and counterfeit merchandise to Illinois residents over the Internet. 735 ILCS 5/2-209(a)(2); *See, e.g., Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, 4 (N.D. Ill. 2010) ("To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm statute. Intellectual property infringement takes place in the state of the infringing sales ... for purposes of tort provisions of the Illinois long arm-statute."); *Illinois v. Hemi Group LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (defendants stood ready and willing to do business with Illinois residents, and in fact, knowingly did do business with Illinois residents by selling products to Illinois residents); *Deckers Outdoor Corp. v. Does 1-55, et al.*, No. 1:11-cv-00010, (N.D. Ill. Oct. 14, 2011) (personal jurisdiction properly asserted against defendants who offered to sell and sold counterfeit products to Illinois residents through an Internet website).

In this case, there is no sufficient personal jurisdiction over Defendant Tritard Decor as a matter of law. Plaintiff's sole allegations against Defendant Tritard Decor are based "on information and belief"-

- "Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works.

Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, **on information and belief**, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois." – Complaint at ¶ 2 (emphasis added).

- "Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, **on information and belief**, has sold and continues to sell illegal Mark Gemmell Products to consumers within the United States, including Illinois and in this judicial district." – Complaint at ¶ 25 (emphasis added).

- "The success of the Mark Gemmell Works has resulted in significant copying of the creative content protected by Plaintiff's copyright registrations. Plaintiff has identified numerous fully interactive websites and marketplace listings on various platforms. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, **on information and belief**, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the Mark Gemmell Works ("Infringing Products") to consumers within the United States, including the State of Illinois." – Complaint at ¶ 26 (emphasis added).

- "Defendants, without any authorization or license, have knowingly and willfully pirated Plaintiff's Mark Gemmell Works in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, **on information and belief**, each Defendant has offered to sell Infringing Products into the United States, including Illinois." – Complaint at ¶ 35 (emphasis added).

Here, looking at the facts of this specific case, there are insufficient facts presented by Plaintiff to confer jurisdiction against Defendant Tritard Decor. Plaintiff's allegations must be more than simple conjecture and belief but must be based on facts as required to confer jurisdiction over Defendant in a manner that would comport with fair play and substantial justice. *See NBA Props., supra.* Therefore, Defendant Tritard Decor respectfully requests that the Court grant this motion to dismiss.

### III.   Conclusion

For these reasons, Defendant Tritard Decor respectfully requests that Court grant Defendants's motion to dismiss the complaint for lack of personal jurisdiction.

Dated:  July 24, 2023

Respectfully submitted,

By:            /s/   Kevin Keener
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601 (312) 523-2164
kevin.keener@keenerlegal.com