IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK GEMMELL,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 1:23-cv-03197<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

Plaintiff, MARK GEMMELL ("Plaintiff"), by his counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike Defendant, TRITARD DECOR's (Def. No. 37) ("Defendant") Motion to Dismiss [37] and its Motion to Amend the Preliminary Injunction Order [38] (collectively, "Defendant's Motions").

**BACKGROUND**

On May 25, 2023, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("the TRO"). [16]. Paragraphs 3-4 of the TRO permitted Plaintiff to issue expedited written discovery to Defendant via e-mail, with Defendant's responses due within seven (7) business days. [16] at ¶¶ 3-4. Pursuant to the TRO, on July 25, 2023, Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant, with responses due August 24, 2023. *See* Declaration of Keith A. Vogt (the "Vogt Decl.") at ¶ 2.

1

On July 24, 2023, Defendant filed its Motions [37], [38]. On July 25, 2023, this Court entered a briefing schedule with Plaintiff's response due by August 14, 2023. [41]. Plaintiff filed a Motion to Stay [42] on July 27, 2023. This Court required Defendant's response to Plaintiff's Motion to Stay [42] by August 4, 2023. Defendant failed to respond on time and this Court, on August 10, 2023, granted Plaintiff's Motion [42], staying Defendant's Motions and allowing Plaintiff to conduct limited discovery related to personal jurisdiction. [46]. As of September 6, 2023, Defendant still has not produced any documents nor served any responses to Plaintiff's Discovery Requests. Vogt. Decl. at ¶ 3. Among other information, Defendant has failed to produce any documents or information relating to its identity, sales for its e-commerce store within the United States, or identifying any other e-commerce stores and/or financial accounts used by Defendant.

## Local Rule 37.2 Meet and Confer Certification

After the filing of Defendant's Motions, on August 28, 2023, Plaintiff sent an email to counsel for Defendant advising Defendant that the deadline to respond to Plaintiff's Discovery Requests had elapsed and requested availability for a Local Rule 37.2 meet-and-confer conference. Vogt Decl. ¶ 4. Plaintiff sent another email on August 30, 2023, again requesting Defendant's availability for a Local Rule 37.2 meet-and-confer conference. *Id.* As of September 6, 2023, Plaintiff has yet to receive a response from Defendant about his availability to meet-and-confer and has yet to respond to Plaintiff's Discovery Requests. *Id.*

Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**ARGUMENT**

**I.     Legal Standard**

Information sought in Plaintiff's Discovery Requests is necessary for Plaintiff to reply to Defendant's Motions. Specifically, preliminary information indicates that Defendant operates at least one online store selling infringing products, including Amazon store TRITARD DECOR named as defendant number 37 in *Mark Gemmell v. The Partnerships, et al.*, No. 23-cv-03197 (N.D. Ill. May 22, 2023) (J. Tharp. Jr.). Vogt Decl. at ¶ 5. Discovery is necessary to confirm Defendant's real identity. Additionally, the information provided by third parties indicates that the TRITARD DECOR store has at least $186,490 dollars of total revenue for just the infringing products. *Id.* Discovery is necessary to determine the full scope of Defendant's sales to consumers in the United States.

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th

Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

Rule 37(d)(1)(A)(ii) provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* Fed. R. Civ. P. 37(d)(1)-(3). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## II.     Defendant's Opposition Should be Stricken

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendant failed to respond to discovery requests as required under the Federal Rules of Civil Procedure. Sanctions are particularly appropriate here because Defendant is "gaming the system" by filing its Motions, creating the need to conduct discovery, and then failing and refusing to produce any documents or provide any information, in violation of the Court's Order [16] and the Federal Rules of Civil Procedure. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). Striking Defendant's

4

Motions is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). *see Rimowa GmbH v. The Partnerships, et al.*, No. 21-cv-04865 (N.D. Ill. Jan. 26, 2022) (unpublished) (Docket No. 88) (denying defendants' motion to dismiss as a sanction for failing to respond to discovery requests); *Nike, Inc. v. The Partnerships, et al.*, No. 23-cv-01497 (N.D. Ill. Apr. 20, 2023) (unpublished) (Docket No. 36) (striking defendant's motion to dismiss and dissolve the restraining order as a sanction for failing to respond to discovery requests). Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court strike Defendant's Motions [37], [38] and grant Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37, awarding Plaintiff reasonable expenses, including attorney's fees.

Dated: September 6, 2023                                  Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Blvd., #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 6, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a Notice of Electronic Filing to attorneys of record.

                   Respectfully submitted,

                   <u>/s/ Keith A. Vogt</u>
                   Keith A. Vogt (Bar No. 6207971)
                   Keith Vogt, Ltd.
                   33 West Jackson Blvd., #2W
                   Chicago, Illinois 60604
                   Telephone: 312-971-6752
                   E-mail: keith@vogtip.com

                   *Counsel for Plaintiff*